**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-1217
_____

GERALD EDWARDS,
                                        Appellant

v.

KAREN B. RICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-03559)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2020
Before:  AMBRO, SHWARTZ, and PORTER, Circuit Judges

(Opinion filed December 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gerald Edwards appeals the District Court's order dismissing his civil rights complaint with prejudice. For the reasons discussed below, we will summarily vacate the District Court's judgment.

Edwards filed a complaint against Karen B. Rice, an investigator with the Bucks County Department of Health. The complaint was no model of clarity, but it appeared to allege harms arising from events that occurred on March 15, 2018, including the inspection of Edwards's property, which resulted in his conviction for violating local ordinances. Edwards appeared to allege claims for false arrest and false imprisonment stemming from his convictions. After screening the complaint, the District Court sua sponte dismissed it without prejudice and with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Fed. R. Civ. P. 8(a). The District Court noted that, to the extent that Edwards was seeking to challenge his convictions under the ordinances, his action may be barred by Heck v. Humphrey,[1] but that, in any event, he had failed to sufficiently plead any claim against Rice.

Edwards filed an amended complaint, which the District Court determined was "comprised of disjointed allegations, exhibits, and recitations of disparate legal principles" and suffered from the same deficiencies as the first. The District Court

---

[1] Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner's claim for damages is not cognizable under § 1983 if its success would necessarily call into question the lawfulness of his conviction or confinement).

dismissed the amended complaint with prejudice after determining that further amendment would be futile. This appeal ensued.[2]

To the extent the District Court dismissed the complaint for failure to state a claim pursuant to § 1915(e)(2)(ii), we exercise plenary review, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and to the extent its dismissal was for failure to comply with Rule 8, we review for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

We agree with the District Court that the initial complaint failed to give Rice fair notice of the claims against her, as required by Rule 8. See Conley v. Gibson, 355 U.S.

---

[2] Edwards appealed from the District Court's November 26, 2019 order directing that the case "remain closed." Because it was unclear whether the District Court had ruled on the amended complaint, and, therefore, whether the order was final for purposes of 28 U.S.C. § 1291, we remanded the matter solely for the purpose of entry of a final order. See Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004) (noting that 'closing' a case is an administrative order with no jurisdictional significance); see also Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 247 (3d Cir. 2013). The District Court entered an order on September 17, 2020, dismissing the amended complaint with prejudice. The fact that Edwards filed his notice of appeal prior to the formal entry of judgment does not prevent this Court from exercising jurisdiction under § 1291. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007).

41, 47 (1957), overruled on other grounds by Twombly, 550 U.S. at 561-63. We cannot agree, however, that Edwards's amended complaint, when construed liberally, failed to state "sufficient factual matter" to support the plausibility of a Fourth Amendment claim against Rice. Ashcroft, 556 U.S. at 678; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se complaints are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Edwards alleged that Rice lacked a search warrant when she conducted an investigation of his property on March 15, 2018. He was arrested by constables who were with Rice, and, while he was being taken away, Edwards saw "all of them walking on to the property and sta[r]te[d] to look th[r]ough the [stuff] there and taking photos, and looking around." According to the complaint, Rice testified at his trial that she went on to the property on March 15 to take photos. Like the initial complaint, the amended complaint included numerous exhibits, including a portion of a transcript from a June 29, 2019 trial in the Bucks County Court of Common Pleas at which Rice testified that she investigated the property on March 15, 2018, took photos, and generated a "Field Contact and Investigation Report." Included in the exhibits is a Summary Appeal Docket indicating that Edwards was found guilty at that trial of violating a local ordinance which requires "Maintaining Premises against Vector Conditions," Middletown Township LO § 3.1. Mixed in with the exhibits are statements in support of the complaint, including one challenging the trial court's subject matter jurisdiction to convict him, the Township's authority to prosecute him, and another asserting that "[a]s a result of Karen B. Rice's action[,] [I] was place[d] in jeopardy. Because of her actions [I] was drag into the municipal court where my civil

4

rights were denied along [with] due pro[cess]." District Court Docket (DCD) #7 at 9-10, 12, 16.

Edwards's amended complaint, when read in conjunction with the original complaint and the attached exhibits, adequately states that Rice searched his property without a warrant in violation of his Fourth Amendment rights.[3] See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) ("a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). To demonstrate a Fourth Amendment protection in property, a person must have "a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1978); see also United States v. Dunn, 480 U.S. 294, 300 (1987) (The constitutional protections afforded to one's "home" extend to the "curtilage" surrounding the home.). In its August 2018 memorandum opinion, the District Court noted that Rice had observed the "trash, chicken and other matters . . . from the outside of [Edwards's] property." But Rice's investigation report states that she

---

[3] A § 1983 claim alleging a defective search warrant is not categorically barred by Heck. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000). The Supreme Court specifically noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." Heck, 512 U.S. at 487 n.7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful") (emphasis in original) (citation omitted).

investigated a complaint "about the outside of his property," not that she observed matters from outside of it. DCD #2-30. Edwards responded to the District Court's opinion in his amended complaint, stating that the Court "said that Karen B. Rice was out side (sic) inspecting, no she and ever[y] one (sic) there came down th[rough] the woods and then onto winter and then [it's] only a few steps onto that lot there where I was loading the van. It's a 100 ft. by 100 ft." DCD #7 at 3. Accepting the factual allegations in the amended complaint as true and construing those facts in the light most favorable to Edwards, as we must, we conclude that the complaint was sufficient to put Rice on notice as to a Fourth Amendment claim. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

Based on the foregoing, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion. In so doing, we express no opinion on the merits of Edwards's claim.